**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MESUE JACKSON, | |
| Plaintiff, | |
| v. | No. 10 CV 1992 |
| JOHN MARSHALL LAW SCHOOL, | Judge Joan B. Gottschall |
| Defendant. | |

**MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Plaintiff, Mesue Jackson ("Plaintiff"), alleges that she was denied admission to the Law School as a student on three occasions. (Compl. ¶¶ 3-6, 11.) She claims that she was rejected unlawfully because of:

- Disability discrimination and failure to accommodate under (i) Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §§ 12101 *et seq.*; (ii) Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and (iii) Section 203 of the Americans with Disabilities Act ("Section 203");

- Race discrimination under (i) Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, and (i) 42 U.S.C. § 1981 ("Section 1981");

- Sex discrimination under Title IX of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1681; and

- Age discrimination under the Age Discrimination Act of 1975 ("Age Act"), 42 U.S.C. §§ 6101 *et seq.*

As explained below, all of her claims either fail to state a claim upon which relief can be granted, are barred by the applicable statute of limitations or do not fall within the subject matter jurisdiction of this Court.

## II. BACKGROUND

John Marshall is not the only law school which has rejected Plaintiff for student admission. Every law school in northern Illinois has rejected her and, in response, Plaintiff has sued each of them alleging that each discriminated against her because of race, sex, age, and disability. *Jackson v. DePaul College of Law* (Case No. 10 CV 1982); *Jackson v. Loyola University* (Case No. 10 CV 1985); *Jackson v. Northwestern University* (Case No. 10 CV 1986); *Jackson v. Chicago-Kent College of Law* (Case No. 10 CV 1988); *Jackson v. University of Chicago* (Case No. 10 CV 1991); and *Jackson v. Northern Illinois University* (Case No. 10 CV 1994).

Plaintiff alleges that she sought and was denied admission to John Marshall Law School on three separate occasions. (Compl. ¶¶ 4-6) She asked the Law School that it not require her to meet its admissions standards because she is "permanently physically disabled" by some unspecified disability. (Compl. ¶¶ 10-12, 14) Although she does not state the dates her three applications were denied, Plaintiff admits that her most recent application was denied on or about January 4, 2008. (Compl. ¶ 6.) Plaintiff alleges that she filed "a charge or charges" with the United States Department of Education on or about May 12, 2008 (which, despite Plaintiff's allegations, are not attached to the Complaint) and received a final decision on October 8, 2008. (Compl. ¶¶ 7-8.) She filed this suit on April 23, 2010.

## III. ARGUMENT

### A. Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint must comply with Rule 8(a) by providing a short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Torrence v. Advanced Home Care, Inc.*, No. 08 CV 2821, 2009 WL 1444448, at *2 (N.D.

Ill. May 21, 2009). The complaint should be dismissed if the plaintiff does not allege such a claim or it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Bowers v. Federation Internationale de l'Automobile*, 489 F.3d 316, 320 (7th Cir. 2007). A complaint which on its face shows that plaintiff's claims are time barred should be dismissed under Rule 12(b)(6). *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 719 (7th Cir. 1993).

### B.   The Law School is Not a "Public Entity" Under Title II

Plaintiff alleges she was subjected to disability discrimination in violation of Title II of the Americans with Disabilities Act. (Compl. ¶ 1(a).) Title II provides, in part, that "no qualified individual with a disability shall, by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). A "public entity" under this provision is limited to the following: (1) any State or local government; (2) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (3) the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C. § 12131(l); *Torrence*, 2009 WL 1444448, at *4. The Law School is not part of any State or local government, the National Railroad Passenger Corporation or any other commuter authority. *Spychalsky v. Sullivan*, No. CV010958DRHETB, 2003 WL 22071602, at *5 (E.D. N.Y. Aug. 29, 2003) (private law school was not a "public entity" within the meaning of Title II). Plaintiff has not and cannot truthfully allege to the contrary. *Riggs v. Cuna Mut. Ins. Co.*, 171 F. Supp 2d 1210, 1214 (D. Kan. 2001) (dismissal warranted where plaintiff did not advance the minimal factual allegations necessary to establish that insurer qualified as a "public entity."); *see also Ruffin v. Rockford Mem'l Hosp.*, 181 Fed.App. 582, 2996 WL 1374026, at *2 (7th Cir. 2006). Plaintiff's claim under Title II must be dismissed.

### C. The Law School Is Not Required to Lower Its Admissions Standards to Accommodate Plaintiff's Alleged Disability

Because the language used in Title II and Section 504 is substantially the same, both are generally construed to impose the same evidentiary requirements. To establish a claim of disability discrimination, Plaintiff must – among other requirements – produce evidence that she was "otherwise qualified" to obtain the benefits sought, *i.e.*, that can meet the essential eligibility requirements of the school with or without reasonable accommodation. 29 U.S.C. § 794(a). "Otherwise qualified" in the law school setting means that the student is able to meet the legitimate eligibility requirements of the Law School, with or without reasonable accommodation. *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979) (holding that no reasonable accommodation could be made in nursing program's clinical program for hearing impaired applicant because an "otherwise qualified" individual is one "who is able to meet all of a program's requirements in spite of his handicap.").

It is settled law that a college or university is not required to lower its academic standards as a form of reasonable accommodation. *Mallett v. Marquette Univ.*, No. 94-3246, 1995 U.S. App. LEXIS 24324, at **7-8 (7th Cir. Aug. 24, 1995). Section 504 and the ADA do not require the lowering of essential standards. *See Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 931 (8th Cir. 1994); *Bowers v. NCAA*, 974 F. Supp. 459, 466 (D.N.J. 1997). Law schools are not required to lower standards in making their admissions decisions or to have special admission programs for unqualified individuals. *See, e.g.*, *University of Minn.*, 6 Nat'l Disability L. Rep. ¶ 295 (Off. Civ. Rts. 1995); *Duke Univ.*, 4 Nat'l Disability L. Rep. ¶ 448 (Off. Civ. Rts. 1993); *Vanderbilt Univ.*, 4 Nat'l Disability L. Rep. ¶ 382 (Off. Civ. Rts. 1993). Therefore, law schools are free to reject law school applicants with disabilities if their LSAT scores do not favorably compare to those of other accepted applicants. *See SUNY Health Sci. Ctr. at*

*Brooklyn—Coll. of Med. (NY)*, 5 Nat'l Disability L. Rep. ¶ 77 (Off. Civ. Rts. 1993); *Halasz v. Univ. of New England*, 816 F. Supp 37, 43 (D. Me. 1993).

Plaintiff concedes that she did not meet the Law School's admission standards and that the accommodation she wants is that those standards be waived for her. As a matter of law, that is an accommodation the Law School was not required to make.

### D. Section 203 Does Not Provide a Cause of Action

Plaintiff seems to allege, as a separate claim, disability discrimination under Section 203 of the ADA. (Compl. ¶ 1(a).) Section 203 is found within Title II pertaining to public services and provides that "[t]he remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title." 42 U.S.C. §12133. This section thus incorporates the remedies, procedures, and rights set forth in another section and does not give rise to an independent claim upon which relief can be granted. To the extent it separately exists, Plaintiff's Section 203 claim must be dismissed.

### E. Plaintiff's Age Act Claim is Not Properly Before the Court

In Paragraph 1(d), Plaintiff alleges she suffered age discrimination in violation of the Age Act, which provides that "no person ... shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving federal financial assistance." 42 U.S.C. § 6102. Plaintiff has neither exhausted administrative remedies nor adequately complied with necessary filing requirements with respect to this claim.

To bring an Age Act claim, Plaintiff must exhaust administrative remedies. 42 U.S.C. § 6104(e)(1); 34 C.F.R. §§ 110.31, 110.39. She must have filed a complaint with the United States Department of Education, Office of Civil Rights ("OCR") within 180 days from the date

- 5 -

she first had knowledge of the alleged discrimination, and OCR must have either (1) made no finding within 180 days of that filing or (2) made a finding in favor of the Law School. 34 C.F.R. § 110.39(a)(1)-(2); *Popkins v. Zagel*, 611 F. Supp. 809, 812 (C.D. Ill. 1985); *Parker v. Board of Supervisors Univ. of Louisiana-Lafayette*, 296 Fed.Appx. 414, 2008 WL 4649065, at *2 (5th Cir. 2008).

Although Plaintiff alleges that she filed a charge with the Department of Education on or about May 12, 2008 and received a Notice of Right to Sue on October 8, 2008, she asserts that the charge alleged a violation of the Rehabilitation Act, not the Age Act. (Compl. ¶¶ 7-8.) Accordingly, she has not complied with the requirement to file an administrative complaint alleging age discrimination. *See Hansboro v. Northwood Nursing Home*, 832 F. Supp. 248, 252 (N.D. Ind. 1993) (complaint alleging a different type of discrimination from the charge of discrimination subject to dismissal for failure to exhaust administrative remedies).

In addition to filing a timely complaint with the Department of Education, Plaintiff must give notice by registered mail not less than 30 days prior to commencement of an Age Act action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. 42 U.S.C. § 6104(e)(1). This notice shall state the nature of the alleged violation, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event the plaintiff prevails. 42 U.S.C. § 6104(e)(2). Plaintiff does not allege that she complied with this requirement. Accordingly, she has failed to meet the statutory prerequisites for bringing an Age Act claim. *Popkins*, 611 F. Supp. at 812; *Parker*, 2008 WL 4649065, at *3. This claim must be dismissed. *Id.,* 2008 WL 4649065, at **2-4.

### F. Plaintiff's Remaining Claims Are Time-Barred

Plaintiff further alleges that the Law School has violated the following statutes:

- Title II (Compl. ¶ 1(a));

- Section 504, which prohibits discrimination on the basis of disability under any program or activity receiving Federal financial assistance, 29 U.S.C. § 794 (Compl. ¶ 1(a));

- Title VI, which prohibits discrimination on the basis of race in any program or activity receiving federal financial assistance, 42 U.S.C. § 2000d (Compl. ¶ 1(b));

- Section 1981, which provides that "(a)ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts ... as is enjoyed by white citizens," 42 U.S.C. § 1981(a) (Compl. ¶ 1(b));[1] and

- Title IX, which prohibits discrimination on the basis of sex in any education program or activity receiving federal financial assistance, 20 U.S.C. § 1681 (Compl. ¶ 1(c));[2]

It is well established that claims under each of these statutes arising in Illinois are subject to the two two-year state law limitations period for personal injury actions:[3]

- Section 504 – *Untermyer v. College of Lake County*, 284 Fed.Appx. 328, 2008 WL 2520886 at *1 n. 1 (7th Cir. 2008); *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 n. 5 (7th Cir. 2000); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir. 1993); *Cheeney v. Highland Park Cmty. College*, 15 F.3d 79, 81 (7th Cir. 1994).

- Title II – *Untermyer*, 2008 WL 2520886, at *1 n. 1 (citing *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 n. 3 (7th Cir. 1996)).

- Title VI – *Yip v. Union County Coll.*, No. 08-3207, 2009 WL 236949, at *2 (3rd Cir. Feb. 3, 2009); *Jersey Heights Neighborhood Ass'n. v Glendening*, 174 F.3d 180, 187 (4th Cir. 1999); *Griffin v. Round Rock Indep. Sch. Dist.*, 82 F.3d 414,

---

[1] Plaintiff's additional citations under "Race Discrimination" in Section 1(b) are to the Code of Federal Regulations pertaining to nondiscrimination under programs receiving federal financial assistance through the Department of Education effectuation of Title VI.

[2] Plaintiff's additional citations under "Sex Discrimination" in ¶ 1(c) are to the Code of Federal Regulations pertaining to non-discrimination on the basis of sex in education programs or activities receiving federal financial assistance.

[3] "Actions for damages for an injury to the person .... shall be commenced within 2 years next after the cause of action accrued. ..." 735 ILCS 5/13-202.

- 7 -

CHICAGO/#2081476.4

1996 WL 166999, at *1 (5th Cir. 1996); *Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 729 (6th Cir. 1996); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 617-618 (8th Cir. 1995); *Taylor v. Regents of U. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993); *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1533 n. 12 (10th Cir. 1995); *Baker v. Bd. of Regents*, 991 F.2d 628, 630 (10th Cir. 1993); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).[4]

- Section 1981 – *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992); *Jones v. Citibank*, 844 F. Supp. 437, 439 (N.D. Ill. 1994); *see also Dandy v. United Parcel Serv., Inc.* 388 F.3d 263, 269 n. 4 (7th Cir. 2004) ("pre-*Patterson* § 1981 claims which involve the making or enforcement of contracts … would be subject to the analogous state personal rights statute of limitations as they did not 'arise under' the 1991 Civil Rights Act.").[5]

- Title IX – *Cetin v. Purdue Univ.*, 94 F.3d 647, 1996 WL 453229, at *2 (7th Cir. 1996).

Plaintiff alleges that the latest date on which she was denied admission to the Law School — and thereby allegedly discriminated against — was on (or about) January 4, 2008. She did not file this lawsuit until more than two years later, on April 23, 2010. Therefore, all of these

---

[4] While the Seventh Circuit said in *Beard v. Robinson*, 563 F.2d 331, 335 (7th Cir. 1977), that Illinois' five-year "all civil actions not otherwise provided for" statute of limitations applied to all actions brought under the Civil Rights Acts, more recent decisions apply the two-year personal injury limitation period. *Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276 (7th Cir. 1989); *Allen v. Board of Governors*, 78 F.3d 586 (7th Cir. 1996); *Porter v. U.S. General Servs. Admin.*, 1998 WL 614752 at *1 (7th Cir. 1998).

[5] In 1990, Congress enacted 42 U.S.C. § 1658(a), which created a default four-year limitations period for federal causes of action created after that date. Congress subsequently amended Section 1981 defining the phrase "make and enforce contracts" to include the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), the Supreme Court ruled that the enactment of Section 1658 changed the limitations period to four years for some claims under Section 1981, but that claims cognizable the original version of Section 1981 are still subject to the applicable state statute of limitations. *See also Palmer v. Stewart County Sch. Dist.*, 215 Fed.Appx. 822, 824 (11th Cir. 2007); *Johnson v. Crown Enters.*, 398 F.3d 339, 341-42 (5th Cir. 2005); *Johnson v. Knight*, 536 F. Supp 2d 1012, 1019-20 (E.D. Ark. 2008). Plaintiff's claim that she was not admitted to the Law School because of her race is a claim that was cognizable under the original version of Section 1981 and is therefore subject to the two-year statute of limitations. *See Runyon v. McCrary*, 427 U.S. 160, 180 (1976).

claims are untimely and must be dismissed.[6]

## IV. CONCLUSION

For the reasons above, all claims in Plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

          Respectfully submitted,

          JOHN MARSHALL LAW SCHOOL

          By: s/ Bruce R. Alper
              One of Its Attorneys

Bruce R. Alper, Bar No. 03122801
Christopher L. Nybo, Bar No. 06278147
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500

---

[6] Similarly, because Plaintiff alleges that the Law School failed to accommodate her disability when it did not waive normal admissions standards at the same time, her failure to accommodate claims are also barred. *See Stevens v. United Parcel Service, Inc.*, No. 02 C 7440, 2003 WL 1868747, at *2 (N.D. Ill. Apr. 10, 2003); *Silk v. Chicago*, No. 95 C 0143, 1996 WL 312074, at *9-10 (N.D. Ill. Jun. 7, 1996).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS to be served upon:

Mesue Jackson
168 Heritage Ln.
Streamwood, IL 60107

via U.S. mail on July 1, 2010.

s/ Bruce R. Alper

Bruce R. Alper