IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MESUE JACKSON,       )
                     )
  Plaintiff,         )
                     )
V.                   ) No. 10 cv 1992
                     ) Honorable Joan B. Gottschall
JOHN MARSHALL LAW SCHOOL, THE )
                     )
  Defendant,         )

**PLAINTIFF'S RESPONSE TO DEFENDANT
THE JOHN MARSHALL LAW SCHOOL'S MOTION TO DISMISS**

NOW COMES the Plaintiff, Mesue Jackson, *pro se*, and respectfully asks the Honorable Judge Joan B. Gottschall to deny Defendant's The John Marshall Law School's Motion to Dismiss. I, the Plaintiff, filed this civil case against the Defendant for what I believe was an injustice toward me in trying to gain admissions to The John Marshall Law School for the 2008 entering class. I believe I have enough evidence to prove that I was a qualified individual for admissions to John Marshall Law School, and feel that I was wrongfully denied accommodations for two admissions criteria (work history and low LSAT score) that was affected as a result of extenuating circumstances associated with becoming physically disabled. And, denied admissions and deemed as "unqualified" for admissions based upon the discriminatory acts that I filed in the initial complaint.

As a result of being denied I suffered immensely. I was forced to pursue another educational area that was not my choice, placed in jeopardy of defaulting on student loans and losing the only hope and support I had in trying to better myself as a permanently physically disabled individual. Additionally, trying to pursue the Defendant for what I believe was an

injustice involving discrimination, had caused my physical health to deteriorate as a result of emotional stress from: trying to repeatedly gain admissions, trying to get the proper advice and support from the Defendant to ensure that I was accommodated, being denied more than once in the admissions process, and the steps I had to take to pursue them in filing a civil case against them.

Furthermore, your honor, my initial complaint filed to the Department of Education surrounding my initial allegations that I was discriminated by the Defendant in the admissions process (based upon: disability, race, and gender) became evident when the OCR investigators presented me with direct statements from the Defendant that were biased reasons for denying me admissions, and had nothing to do with admissions standards that were reasonable, nor associated with the admissions standards set forth by the American Bar Association.

The Defendant (2010) stated, "she [plaintiff] asked the Law School that it not require her to meet its admissions standards because she is "permanently physically disabled" by some unspecified disability" (Defendant's Motion to Dismiss, p. 2). In response to the Defendant's statement, that is not true that I asked the Law School not to require that I meet its admissions standards because I am permanently physically disabled, but I asked for them to provide accommodations for two areas of their admissions standards (work history, and LSAT score) that was impacted as a result of extenuating circumstances surrounding becoming permanently physically disabled. Furthermore, if someone fell asleep at the wheel of a motor vehicle, left me bedridden, permanently damaged, and caused me to be unable to continue working at a primary job I have been working at for 8 years, than I should not be penalized from receiving admissions because of the gap in my work history. Additionally, I am permanently physically disabled in accordance to the standards set forth by the ADA. Outside of my request for accommodations in

those two aforementioned areas listed above, I was qualified under those two areas despite the Defendant's not providing accommodations in those areas because (1) According to the ABA under Appendix 2. LSAC Cautionary Policies Concerning LSAT Scores (2010), it states:

> However, while LSAT scores serve a useful purpose in the admission process, They do not measure, nor are they intended to measure, all the elements important to success at individual institutions. LSAT scores must be examined in relation to the total range of information available about a prospective student. It is in this context that the following restraints on LSAT score use are urged: Do Not use the LSAT score as a sole criterion for admission, avoid improper use of cut-off scores, and do not place excessive significance on score differences.

Furthermore, in regards to the LSAT score and the usage of cut-off scores, the ABA states:

> Significantly, cut-off scores may have a greater adverse impact upon applicants From minority groups than upon the general applicant population. Normally, an Applicant's LSAT score should be combined with the undergraduate grade-point Average before any determination is made of the applicant's probability of success in law school.

In accordance with the ABA's statements above, my low LSAT scores it is not a factor that deems me "unqualified" for admissions. Thus, your Honor, despite my request for accommodations surrounding two areas that was associated or impacted by my physical disability, I was still qualified for admissions. And, my requested modification in the admissions process would not have fundamentally altered the Defendant's admission's program, as they clearly state in the application for admissions, that they can make these alterations. Therefore, I believe my claim under Title II is permissible.

The Defendant stated, "Plaintiff alleges she was subjected to disability discrimination in violation of Title II of the Americans with Disabilities Act" (Def Motion to Dismiss, p. 3). In response to that, I am disabled as defined under the applicable statute; (2) I am qualified for admissions; (3) I was denied admissions because of being physically disabled; (4) The John Marshall Law School receives federal funding, as stated in the statements from the October, 8,

2010 facts from the fact findings given by the Office of Civil Rights investigator. 29 U.S.C. § 794(a) (setting out text of § 504); 42 U.S.C. § 12132 (setting out text of Title II of ADA); *see Blazquez v. Bd. of Educ. of City of Chi.*, No. 05-4389, 2007 WL 2410369, at *8 (N.D. Ill. Aug. 20, 2007) (describing elements of § 504 claim); *Herdman v. Univ. of Ill.*, No. 96-8025, 1998 WL 774684, at *6 (N.D. Ill. Oct. 28, 1998). Therefore, the Defendant's statement, "plaintiff has not and cannot truthfully allege to the contrary," is not true (Def Motion to Dismiss, p. 3). Under Title II of the ADA and Section 504, to the best of my knowledge my claim should not be dismissed.

The Defendant stated, "the law school is not required to lower its admissions standards to accommodate plaintiff's alleged disability" (Def Motion to Dismiss, p. 4). In response to this statement, I believe I have sufficient evidence to prove that I was "otherwise" qualified for admissions with or without reasonable accommodations, as the ABA states that "many students go into law school with little or no prior work experience," despite the fact that I do have a well established work history prior to becoming permanently physically disabled. Additionally, the defendant was not asked to alter their program's requirements, as it was already listed in the defendant's application instruction packet for admissions. Therefore, the accommodations that I requested as a disabled person was "reasonable," and an accommodation the law school could have made, but refused to make due to what I believe to be discrimination.

The Defendant's claims that my complaint should be dismissed on the grounds that I filed my civil suit on April 23, 2010, and based on a personal injury two year statute of limitations they state applies to Title II of the ADA, the Rehab Act, Title VI, 1981, and Title IX. Defendant is mistaken about Section 1981, wherein a four year statute of limitations applies (see

discussion below). As for the other statutes, they are timely as my complaint was filed within two years of my learning of the reasons for rejection to its law school.

As a little background information, I had submitted an appeal letter to the Department of Education in Washington, who overturned their original claim that favored me after proof, was submitted to prove I was correct in my original claim to the investigators at the Department of Education. However, I still have not received correspondence from the third appeal that I submitted to the Department of Education. To the best of my knowledge, the laws states that I have two years after receiving correspondence from the Department of Education, in which I have not; therefore, the complaint I filed is not past the statute of limitations.

Furthermore, during the Department of Education's investigation, I learned, in a letter dated October 8, 2008, of the reasons for my denial of admission. I believe those reasons to be discriminatory and form the basis of this complaint. Because I did not learn of those discriminatory reasons until October of 2008, my March 2010 easily falls within the two year statute of limitations. Romeo v. Allstate Corp 404 F.3d 212, 221 (3d Cir 2005). Ordinarily a statute of limitations begins to run from the moment the potential plaintiff has a complete and present cause of action. Federal discovery rule which dictates that a federal cause of action accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim. Romero, 404 F.3d at 222 (internal question and citation omitted).

For section 504, the law under the federal discovery rule: see Podobnik v. U.S. Postal Serv., 409 F.3d 584, 509 (3d Cir. 2005). Because the plaintiff was not injured before the Department of Education's findings from the fact finding investigation, which stipulated the

Defendant's statements about the plaintiff in which the plaintiff believed to be discriminating, the discovery rule would not have rendered the plaintiffs claims untimely.

The discovery rule delays the initial running of the statute of limitations, but only until the plaintiff has discovered: (1) that he or she has been injured; and (2) that this injury has been caused by another party's conduct. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) the discovery rule "postpones the beginning of the limitations period from the date a plaintiff was wronged until the date a plaintiff discovers that he or she was injured.

Defendant claims, "plaintiff's remaining claims are time-barred and subject to the two-year state law limitations period for personal injury actions" (Def Motion to Dismiss, p. 6-7). However, a 4 year statute of limitations applies under Jones v. R.R. Donnelly Sons Co. (02-1205) 541 U.S. 369 (2004) 305 F.3d 717, which states, "after this Court held that federal courts should apply the most appropriate statute of limitations to claims arising under 42 U.S.C. 1981 which contains no statute of limitations, see Goodman v. Lukens Steel Co., 482 U.S. 656, 660, Congress enacted a 4- year statute of limitations for causes of action "arising under an Act of Congress enacted after [December 1, 1990], "28 U.S.C. 1658(a). Petitioners, African-American former employees of respondent, filed a class action alleging violations of 1981, as amended by the Civil Rights Act of 1991. Respondent sought summary judgment, claiming that he applicable state 2- year statute of limitations barred their claims, but the District Court held that petitioners' wrongful discharge, refusal to transfer, and hostile work environment claims arose under the 1991 Act and therefore are governed by 1658. The Seventh Circuit reversed, concluding that 1658 does not apply to a cause of action based on post- 1990 amendment to a pre-existing statute. *Held:* Petitioners' causes of action are governed by 1658. As stated by the 1658 enactment:

> That purpose would not be served if 1658 were interpreted to reach only entirely new sections of Congress than a new, stand-alone statute. What matters is the new rights of action and corresponding liabilities created by the enactment. Thus, a cause of action "aris[es] under an Act of Congress enacted" after December 1, 1990-and therefore is governed by 1658's 4-year statute of limitations-if the Plaintiff's claim against the defendant was made possible by a post-1990 enactment.

Because the Donnelly case allows for a four year statute of limitation, Plaintiff's 42 U.S.C. 1981 claim is timely.

Because Section 504 and Title II of ADA are very similar they should be treated the same for purposes of the statute of limitations.

> In Gaona v. Town & Country Credit, 324 F.3rd 1050, loss (8th Cir. 2003), it states,
>
> We have held that Congress intended Title II of the ADA to be interpreted Consistently with the Rehabilitation Act, Pottgen v. Mo. St. High Sch. Activities 40 F.3d 926, 930 (8th Cir. 1994) and other circuits have applied the same limitation periods for claims under Title II of the ADA and the Rehabilitation Act. See, e.g., Everett, 138 F.3d at 1409-10. Doe v. County of Centre, 242 F.3d 437, 446 (3d Cir. 1995) whether suit if filed under the Rehabilitation Act or ADA, the substantive standards for determining liability is the same.

Accordingly, Section 504 should have the same 2 year statute of limitations as Title II, making plaintiff's complaint timely.

Because plaintiff did not discover the reasons for her denial of admission to Defendant's school until she received the October 2008 letter from the OCR investigator at the Department of Education, plaintiff's claims are timely and fall within the statute of limitations. Furthermore, 42 U.S.C. has a four year statute of limitations which also makes plaintiff's complaint timely.

I voluntarily dismiss my age claim and so will not respond to Defendant's argument regarding that.

If this Court believes that the claims would be clearer were I to amend my complaint, then I ask for leave to do so.

WHEREFORE, for reasons stated above, Plaintiff, MESUE JACKSON, prays that the Honorable Judge will deny Defendant's Motion to dismiss with prejudice the original complaint I filed against the Defendant.

Sincerely

*Mesue Jackson*

Mesue Jackson

Mesue Jackson, *pro se*
168 Heritage Lane
Streamwood, IL 60107
Phone: 847-893-6565
Email: jacksonmesue@yahoo.com