IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MESUE JACKSON,

           Plaintiff,

v.

JOHN MARSHALL LAW SCHOOL,

           Defendant.

No. 10 CV 1992

Judge Joan B. Gottschall

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

### I.    ARGUMENT

**A.    Most of Plaintiff's Claims are Untimely.**

As shown in the Law School's initial memorandum, Plaintiff's claims under Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, 42 U.S.C. § 1981 ("Section 1981") and Title IX of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1681, are subject to the two-year limitations period for personal injury actions. (Def. Mem. 7). Plaintiff admits that she was last denied admission to the Law School on or about January 4, 2008. (Comp. ¶ 6). She filed this lawsuit on March 30, 2010, more than two years later.

Faced with these incontrovertible facts, Plaintiff argues that the limitations period did not begin to run until she received a letter from the OCR in October 2008. (Pl. Mem. 7; Comp. ¶ 7). Plaintiff is wrong legally and factually.

As a matter of law, "the statute of limitations begins to run when a person knows or should know of the act that gives rise to the injury, not when the person realizes that he may have

a legal claim arising out of the injury." *Duhart v. Fry*, 957 F.Supp. 1478, 1486 (N.D. Ill. 1997) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 449 (7th Cir. 1990). The date Plaintiff learned that she was rejected from law school (January 4, 2008) is the date her claim arose, not the date she received a decision letter from the OCR.

Factually, it is disingenuous for Plaintiff to assert she did not know she was discriminated against until October 2008. By her own admission, she filed a complaint of discrimination with the Department of Education on May 12, 2008. (Comp. ¶ 7). Moreover, many of the facts and events which led Plaintiff to believe she had been discriminated against occurred on or before January 4, 2008, including the fact that her January 2008 rejection was the third in a row. (Comp. ¶ 10). It does not matter that she may have learned additional facts from the OCR investigation. She knew she had been rejected on January 4, 2008 and that is the event which gives rise to her claim. *Duhart*, 957 F.Supp. at 1486.[1]

Citing *Jones v. R.R. Donnelly Sons Co.*, 541 U.S. 369 (2004), Plaintiff argues that her Section 1981 claim is subject to a four year limitations period. As shown in the Law School's initial memorandum, the only Section 1981 claims subject to a four year limitations period are those that came into existence after December 1, 1990. 42 U.S.C. § 1658. In *Jones*, the Supreme Court held that Section 1981 claims made possible by the Civil Rights Act of 1991 were subject to the four year limitations period because they came into effect after December 1, 1990. Claims that could be brought under Section 1981 before the Civil Rights Act of 1991 (and before December 1, 1990) remain subject to the two year state law personal injury statute of limitations. Section 1981 has always covered claims concerning the formation of contractual

---

[1]     Plaintiff's cases support Defendant's position. *Podobknik v. U.S. Postal Serv.*, 409 F.3d 584, 590-91 (3rd Cir. 2005); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1390-91 (3rd Cir. 1994).

relationships, *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-77, 181 (1989), *superseded* by Civil Rights Act of 1991, 42 U.S.C. § 1981(b); and since 1976, it has applied to admission decisions by private educational institutions. *Runyon v. McCrary*, 427 U.S. 160 (1976). Accordingly, Plaintiff's claim under Section 1981 that she has been denied admission because of her race is subject to the two-year statute of limitations and is untimely.

**B.    The Law School Is Not a "Public Entity" Under Title II.**

Plaintiff does not respond to the Law School's argument that her Title II claim should be dismissed because the Law School is not a "public entity" as set forth in 42 U.S.C. § 12131(l). She instead focuses on whether she is "disabled as defined under the applicable statute."  (Pl. Mem. 3).  For this additional reason, the Title II claim should be dismissed.

**C.    Plaintiff's Remaining Claims Have Been Dropped or Waived.**

Plaintiff's Complaint also asserted claims under Section 203 of the Americans with Disabilities Act ("Section 203") and the Age Discrimination Act of 1975 ("Age Act"), 42 U.S.C. §§ 6101 *et seq.*  In her response Plaintiff voluntarily dismisses her Age Act claim (Pl. Memo. 7) and does not dispute the Law School's assertion that Section 203 does not provide a cause of action.  Both of these claims should be dismissed.

**II.    CONCLUSION**

For the reasons above and those set forth in the Law School's initial memorandum, Plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

- 3 -

Respectfully submitted,

JOHN MARSHALL LAW SCHOOL


By:  s/ Bruce R. Alper
                    One of Its Attorneys


Bruce R. Alper, Bar No. 03122801
Christopher L. Nybo, Bar No. 06278147
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated: August 27, 2010

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that he caused copies of the foregoing DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS to be served upon:

Mesue Jackson
168 Heritage Ln.
Streamwood, IL  60107

via U.S. mail on August 27, 2010.

s/ Bruce R. Alper

_____

Bruce R. Alper